UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL P. ELLIS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00030-LEW |
| | ) | |
| HAILEY K. SHIRIKAWA, | ) | |
| | ) | |
| Defendant | ) | |

## ORDER ON DEFENDANT'S SPECIAL MOTION TO DISMISS

In this action, Plaintiff Michael Ellis, Captain, U.S. Army, a resident of Virginia, alleges that Defendant Hailey Shirikawa, a civilian citizen of Maine, libeled him in certain social media posts and by means of a formal complaint she presented to the Army in which she alleged that Plaintiff abused her person.  Complaint (ECF No. 1). The matter is before the Court on Defendant's Special Motion to Dismiss (ECF No. 7).

### BACKGROUND

Plaintiff claims that Defendant is liable to him in damages, including punitive damages, because Defendant's report to the Army was intentionally false and defamatory and was made with malice. *Id.* ¶¶ 19, 22. Plaintiff filed suit against Defendant in this Court on January 25, 2021, asserting a defamation claim based on Defendant's Army report and a few social media posts. On May 21, 2021, Defendant filed her Special Motion to Dismiss ("Special Motion," ECF No. 7), attaching a solitary exhibit consisting of Plaintiff's Complaint and the Court's Summons. Plaintiff timely opposed the Special

1

Motion and in support of his opposition filed his declaration with exhibits (Ellis Declaration, ECF No. 10-1; Board of Inquiry Findings and Recommendations, ECF No. 10-1; Plaintiff's Expert Witness Designation, ECF No. 10-2).

As alleged, Plaintiff and Defendant shared a romantic relationship for almost five years beginning in 2014 and ending in 2018. In February 2019, angered that Plaintiff would not reunite with her, "Defendant made a formal complaint to the [A]rmy alleging that she had been sexually abused by Plaintiff." Complaint ¶ 14. The Complaint does not provide any further details of what Defendant reported to the Army.

Through his declaration, Plaintiff relates that the formal report Defendant made to the Army resulted in the issuance of a General Officer Memorandum of Reprimand, which Reprimand was based exclusively on Defendant's complaint, not any associated investigation. In time, the Memorandum of Reprimand was referred to a Board of Inquiry, comprised of three independent senior officers. On October 7, 2020, the Board of Inquiry heard from and accepted evidence submitted by Plaintiff. According to Plaintiff's declaration, which Defendant does not contest on this point, the Board also heard testimony from Defendant. At the conclusion of its proceeding, the Board of Inquiry completed a "Findings and Recommendations" form (ECF No. 10-1) in which it made the following findings by majority vote: (1) that Defendant's report that Plaintiff "was repeatedly physically and emotionally abusive" and "initiated sexual activity with [her] when she was under the influence of a sleep aid," was not supported by a preponderance of the evidence, but (2) the record considered by the Board did support a finding, by a preponderance of the evidence, of some unspecified "conduct unbecoming

an officer." Findings and Recommendations at 1, ¶¶ 2-3 (PageID # 47). Based on its findings, the Board of Inquiry concluded that the circumstances did not warrant Plaintiff's separation and recommended that he be retained in the service of the Army. *Id.* The Report of Proceedings by Board of Officers that accompanies the Findings and Recommendations form reserves a section for "Action by Approving Authority," naming Omar Jones IV, Major General, USA, Commanding, who evidently must either approve or disapprove the Recommendation, or else return the matter to the Board for further action. Report of Proceedings at 4 § VIII (PageID # 52). As of the date of Plaintiff's opposition, Major General Jones had not yet acted on the matter.

Plaintiff declares that once the Memorandum of Reprimand was placed in his "permanent Army file" he was removed from the Army's "approved list for promotion." Ellis Declaration ¶¶ 15, 19. He states that but for the Memorandum, based on "historical promotional patterns," he would be a major by now, with a higher pay and housing allowance than he has as a captain. *Id.* ¶ 20. He also states that unless he is returned to the approved list for promotion, he will eventually be separated from the Army under its "up or out" policy. *Id.* ¶¶ 22-23. He claims as special damages his present loss of a captain's allowance and the potential loss of a military retirement valued in excess of four million dollars. *Id.* ¶¶ 21, 25.

In addition to his own declaration, Plaintiff has attached to his opposition brief an expert witness designation. The document, signed by Plaintiff's counsel, represents that William Cassara, Esq., a veteran who is an expert in military law, would testify that the Memorandum of Reprimand will continue to prevent Plaintiff's promotion because

"[f]ollowing a review by the Department of Army Suitability Evaluation Board," the Reprimand "remains in place despite the [Board of Inquiry] finding that the allegations were 'unsubstantiated.'" Pl's Expert Witness Decl. (ECF No. 10-2, PageID # 54). As of the filing date of Plaintiff's opposition, Plaintiff's request to remain on the promotion list "despite" the enduring Reprimand was pending before the Army's Special Selection Review Board. *Id.*

**DISCUSSION**

Under Maine's anti-SLAPP ("Strategic Lawsuit Against Public Participation") statute, a party in a civil action who believes she is being sued "based on" her exercise of the right to petition the government may file a "special motion to dismiss." 14 M.R.S. § 556. When presented with such a motion, Maine law states that a court "shall grant the special motion, unless the party against whom the special motion is made shows that the moving party's exercise of [the] right of petition was devoid of any reasonable factual support or any arguable basis in law and … caused actual injury to the responding party." *Id.* In its review, the court is expected to "consider the pleading and supporting and opposing affidavits stating the facts upon which the liability or defense is based." *Id.*

Assuming that Maine law applies to the case at bar, the anti-SLAPP statute is applicable in federal court diversity actions. *See Godin v. Schencks*, 629 F.3d 79 (1st Cir. 2010). I will proceed on the basis that Maine law does apply because the parties have proceeded on that very basis and Plaintiff has not made any argument to suggest another state's law should apply here, let alone that application of another state's defamation law could deprive a Maine citizen of the protection of Maine's anti-SLAPP special motion

statute in a Maine court. *See Franchini v. Bangor Publ'g Co. Inc*., 383 F. Supp. 3d 50, 65 (D. Me. 2019).

"A special motion to dismiss carries shifting burdens." *Mabee v. Eckrote*, No. 1:19-CV-00432-JDL, 2020 WL 1171939, at *2 (D. Me. Mar. 11, 2020) (citing *Gaudette v. Davis*, 160 A.3d 1190, 1196 (Me. 2017)). Initially, the movant must demonstrate that she is being sued based on her exercise of the right of petition. Whether her showing suffices is a question of law. *Id*. Once she makes this initial showing, the claim or suit must be dismissed unless the non-movant shows that the petition activity was "devoid of any reasonable factual support or any arguable basis in law and … caused actual injury." *Gaudette*, 160 A.3d at 1194 (quoting 14 M.R.S. § 556). The prima facie standard requires that the plaintiff present admissible evidence on the salient issues, *i.e.*, "whether the exercise of the right of petition was devoid of any reasonable factual support or any arguable basis in law and that the moving party's acts cause actual injury to the nonmoving party." *Id*. at 1197-98. The standard does not call for credibility determinations and the evidence need only address a portion of the petition activity. *Gaudette*, 160 A.3d at 1197 (non-movant must carry his burden for "any or all of the [movant's] petitioning activities"). If the prima facie burden is carried, then either party may request, on motion, an additional procedure through which: "(1) the court permits the parties to undertake a brief period of limited discovery, the terms of which are determined by the court after a case management hearing, and (2) at the conclusion of that limited discovery period, the court conducts an evidentiary hearing." *Id*. at 1198. At this hearing, the non-movant bears the burden of demonstrating, by a preponderance

standard, that the petition activity was devoid of merit and caused actual injury. *Id.* at 1198-99. Absent such a request from either party, "the court shall decide whether the [non-movant] has met this burden by a preponderance of the evidence based only on the parties' submissions in seeking and opposing the special motion to dismiss." *Id.* at 1199.

## A.    Timing

The statute at issue imposes a pliable temporal limitation: "The special motion to dismiss may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms the court determines proper." 14 M.R.S. § 556. "The statute clearly leaves the filing of a special motion to dismiss after the sixty-day period to the discretion of the court." *Bradbury v. City of Eastport*, 72 A.3d 512, 516 (Me. 2013). Given the statute's language, the Maine Supreme Judicial Court (the "Law Court") has held:

> that, in declining to exercise its discretion to permit a special motion to dismiss after the expiration of the sixty-day statutory period, a court need not consider the merits of the motion or find that the nonmoving party would be prejudiced. Rather, after the sixty-day period, the court has broad discretion in determining whether, consistent with the purposes of the anti-SLAPP statute, a party may file a special motion to dismiss.

*Id.* at 517.

Plaintiff's Proof of Service (ECF No. 3) reflects service on February 4, 2021. Defendant did not file her Special Motion until May 21, 2021, 106 days after service. Plaintiff, therefore, asks that I deny the Special Motion as tardy. Defendant reports that on April 16, 2021, or 71 days after service, her counsel conferred with Plaintiff's counsel by videoconference and informed him of the intention to file a Special Motion. Defendant's counsel supplied affidavits (ECF No. 11-1 & 11-2) to this effect, which

affidavits are unopposed. Before filing the tardy Special Motion, Defendant never asked the Court for leave to file a late motion.

In *Bradbury*, the Law Court affirmed a Superior Court order denying a special motion due to tardiness. 72 A.3d at 514. There, like here, the movant did not seek leave to present a late motion within the 60-day period and did not explain why it would not have been possible to present a timely motion. *Id.* The Superior Court in *Bradbury* also found it significant that—unlike in this case—the special motion to dismiss was filed seven months into the litigation and three months after the parties had already cross-moved for summary judgment. *See id.* at 517-18.

When I consider how best to exercise discretion in this case, I consider it significant that Defendant's Special Motion, although tardy, is not significantly tardy and is the first order of business presented on an otherwise bare docket. Thus, unlike in *Bradbury*, granting Defendant's Special Motion in this case would serve the anti-SLAPP law's purpose of terminating SLAPP litigation before the moving party incurs extensive litigation costs. *See* 72 A.3d at 518. Moreover, the matter of the Special Motion, based on counsels' affidavits, was among the first concerns addressed by counsel during a preliminary case conference. Given this reality, I conclude that the interest protected by the special motion statute is of greater weight than the interest in avoiding disruption of the Court's docket or ensuring the orderly progress of the case or ensuring that litigants ask permission before overstepping a deadline. Indeed, there is no concern here that the timing of the motion is disruptive, unduly prejudicial, or even tactical, and given the

circumstances I find that the better exercise of discretion is to address the merits of Defendant's Special Motion.

## B.     The Movant's Burden

To begin, Defendant Shirikawa must demonstrate that she is being sued in this action based on her exercise of the right of petition. Maine law defines petition activity to include, among other things: "any written or oral statement made before or submitted to a legislative, executive or judicial body"; "any statement reasonably likely to encourage consideration or review of an issue by a legislative, executive or judicial body, or any other governmental proceeding"; and "any other statement falling within constitutional protection of the right to petition government." 14 M.R.S. § 556. As the language reflects, "[t]he Legislature has chosen to protect petitioning activity by broadly defining a 'party's exercise of its right of petition.'" *Desjardins v. Reynolds*, 162 A.3d 228, 236 (Me. 2017).

The record reflects that Defendant provided a written statement to the U.S. Army, an executive body. Her statement was also "reasonably likely to encourage consideration or review of an issue" by an executive body. 14 M.R.S. § 556. Her activity thus falls within the broad definition of petition activity provided by the Maine Legislature. Furthermore, to the extent public interest is germane to the inquiry (the statute does not state that petition activity must always be on a matter of public interest), the Army has established standards of service pertaining to officer conduct, including the mismanagement of personal affairs and conduct unbecoming an officer. Army Regulation 600-8-24 ¶ 4-2(b). It is a matter of public interest whether the Army adheres to these

standards in practice. Furthermore, the Army's officer standards cannot be enforced in some matters – perhaps especially in domestic relations matters – in the absence of a petition alleging misconduct. For these reasons, I conclude that Defendant has met her burden of showing that the Special Motion is predicated on petition activity. Furthermore, it is self-evident that Plaintiff instituted his action based principally on said petition activity.

## C.    The Non-Movant's Burden

To overcome Defendant's Special Motion, Plaintiff must show that Defendant's petition activity was "devoid of any reasonable factual support or any arguable basis in law and … caused actual injury." 14 M.R.S. § 556.

Plaintiff's showing falls short. Plaintiff's Complaint—which, in any event, is not verified—does not address the substance of Defendant's report to the Army. It only affords notice of the general contours of his claim. Plaintiff's Declaration also provides no detail concerning the circumstances underlying Defendant's petition activity. Similarly, the Board of Inquiry's Findings and Recommendations do not "show" anything to a preponderance of the evidence. Although one plausible inference may be that Defendant overstated the extent of Plaintiff's alleged misconduct (given the Board of Inquiry's partial finding in Plaintiff's favor), the Board's Findings do not tend to evince that Defendant's petition was more likely than not devoid of any reasonable factual support. In fact, the Board of Inquiry found that the circumstances demonstrated conduct unbecoming an officer. *See* Findings and Recommendations at 1, ¶ 3. This finding would tend to undercut Plaintiff's ability to carry not only the devoid-of-support burden, but

also the injury burden.[1] By all appearances from the limited record and argument before me now, the Board's finding of conduct unbecoming an officer independently supports the placement of the Memorandum of Reprimand in Plaintiff's file. In other words, and as best as I can tell from the record, the actual injury claimed (a missed promotion and removal from the promotion list) would have befallen Plaintiff based on Defendant's report of conduct unbecoming an officer, regardless of whether some portion of Defendant's accusations lacked support.[2]

## CONCLUSION

For the foregoing reasons, Defendant's Special Motion to Dismiss (ECF No. 7) is **GRANTED**. The parties will confer and contact the Court within 30 days of this Order for a scheduling conference to determine the future course of this litigation.

**SO ORDERED.**

Dated this 3rd day of November, 2021.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff also is likely hamstrung in relation to his actual injury presentation by his notice-plead complaint, which merely alleges that he "has been damaged, which damage includes per se damages." Complaint ¶ 23. *See Desjardins v. Reynolds*, 162 A.3d 228, 236 (Me. 2017) ("By alleging a new form of harm for the first time solely in response to the special motion to dismiss, Desjardins has attempted to thwart the purpose of the anti–SLAPP statute by expanding the scope of the litigation that Reynolds must defend against.").

[2] My review is limited to the record as it currently exists. Although Plaintiff requested oral argument, which request I have declined, neither party has requested that proceedings on Defendant's Special Motion be extended to permit limited discovery and an evidentiary hearing.